**IMG-076**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2415
_____

CHARBEL DAIFALLAH CHEHOUD,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-115-104)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2012
Before:  FISHER, WEIS AND BARRY, Circuit Judges
(Opinion filed: May 22, 2012)
_____

OPINION
_____

PER CURIAM.

Charbel Chehoud petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal denying his second motion to reopen his proceeding.  We

will deny the petition.

**I.**

Chehoud is a citizen of Lebanon who entered the United States in 1989 and overstayed his visa.  The Government charged him as removable on that basis, which he concedes.  Chehoud has been represented by counsel at all relevant times.  He initially applied for asylum and relief under the Convention Against Torture on the ground that he feared torture as an army deserter and member of the Communist party, but he withdrew that application in 2004 and instead sought cancellation of removal on the basis of his marriage to a United States citizen.  Chehoud's counsel appeared for his merits hearing but Chehoud did not, and the Immigration Judge ("IJ") ordered his removal in absentia in April 2007.  Chehoud did not appeal that ruling to the BIA.

In December 2010, Chehoud filed a motion to reopen with the IJ for the purpose of seeking the Government's consent to close the matter in exchange for his assistance to the police.  He also argued that his failure to appear for his hearing should be excused because he was with a detective at the time.  The IJ denied the motion.  Chehoud simultaneously appealed to the BIA and sought review in this Court.  We dismissed the petition for lack of jurisdiction because the IJ's order was not final.  (C.A. No. 11-1029, Mar. 7, 2011.)  The BIA then rejected his appeal on the merits on March 18, 2011.  Chehoud did not again petition for review.

Instead, Chehoud then filed with the BIA the motion to reopen at issue here.  This time, Chehoud sought a remand to apply for asylum on the basis of his Christian religion and argued that conditions for Christians in Lebanon had changed.  The BIA denied the motion on May 12, 2011.  The BIA concluded that the motion was barred because

Chehoud had filed a previous motion to reopen and because Chehoud did not qualify for an exception to the numerical limitation on motions to reopen by showing changed country conditions. See 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii). Chehoud petitions for review.[1]

## II.

Chehoud raises a number of arguments under the BIA's governing regulations, which he contends required the BIA to reopen his proceeding and remand for an evidentiary hearing on his new asylum application. He also argues that such a hearing was required as a matter of due process. We disagree.[2]

Chehoud relies primarily on the regulation governing motions to reopen. That regulation permits an otherwise number-barred motion to reopen in order to seek relief on the basis of "changed circumstances arising in the country of nationality or in the country

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the denial of reopening for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). We will not disturb the BIA's ruling unless it is "'arbitrary, irrational, or contrary to law.'" Id. (citation omitted). We review the BIA's underlying assessment of the record for substantial evidence and may not disturb it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review legal questions and constitutional claims de novo. See Fadiga v. Att'y Gen., 488 F.3d 142, 153-54 (3d Cir. 2007).

[2] Chehoud arguably failed to exhaust his specific regulatory arguments because he did not raise them before the BIA. We do not apply the exhaustion requirement "in a draconian fashion," however. Lin v. Att'y Gen., 543 F.3d 114, 121 (3d Cir. 2008). The Government has not argued that Chehoud failed to exhaust any of his arguments, and we deem Chehoud's arguments supporting his request that the BIA reopen and remand his matter for an evidentiary hearing sufficient to do so.

to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing[.]" 8 C.F.R. § 1003.2(c)(3)(ii) (emphasis added). As Chehoud points out, we have defined the "previous hearing" for this purpose to refer to the alien's previous hearing before the IJ, and not to a subsequent appeal to the BIA. See Filja v. Gonzales, 447 F.3d 241, 254 (3d Cir. 2006). Chehoud argues that the BIA was required to reopen and remand because there was no "previous hearing" before an IJ in this case.

We reject Chehoud's presumption that his failure to appear at the hearing before the IJ in 2007 means that there was no "previous hearing." Rather, there was a previous hearing at which Chehoud simply failed to appear; indeed, the IJ stated in its order, "hearing held in absentia [with] Respondent's attorney present in court," ordered Chehoud removed to Lebanon, and held "all other relief abandoned" due to Chehoud's absence. (A.R. 146). Moreover, Chehoud failed to appeal the IJ's 2007 ruling to the BIA, and did not properly appeal the BIA's subsequent denial of his first motion to reopen to us. Our decision in Filja did not require the BIA to remand for an evidentiary hearing before the IJ where the alien's own conduct prevented the discovery or presentation of evidence at the previous hearing. We decided in Filja only that the "previous hearing" referred to in 8 C.F.R. § 1003.2(c)(3)(ii) was the alien's previous hearing before the IJ and not his subsequent appeal to the BIA. See Filja, 447 F.3d at 254. The BIA was not required to reopen and remand under these circumstances.

Chehoud nevertheless argues that the absence of a "previous hearing" gave the

4

BIA no proper point of reference for determining whether conditions in Lebanon have changed. In this case, the BIA reviewed Chehoud's evidence and concluded that he had not shown a change of conditions since he withdrew his asylum application or since the time of his "last motion," which was his previous motion to reopen that the IJ denied in 2011. Chehoud argues that neither of these events constitutes a "previous hearing" for purposes of 8 C.F.R. § 1003.2(c)(3)(ii) as we defined the term in Filja. Having failed to go forward with a "previous hearing," however, Chehoud himself argued to the BIA that circumstances in Lebanon had changed since he "appeared in immigration court" and "even after the Board had made its decision denying the previous motion to reopen[.]" (A.R. 31.) Thus, the BIA can hardly be faulted for looking to conditions in Lebanon as they existed at those times.[3]

Chehoud also argues that the BIA erred by assessing his evidence in the first instance because there was no previous finding regarding conditions in Lebanon and the regulation governing the BIA's scope of appellate review does not permit it to find facts. See 8 C.F.R. § 1003.1(d)(3). Chehoud's reliance on that regulation is misplaced because

---

[3] In any event, any error the BIA may have committed by relying on these points of reference was harmless. See Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011). The BIA reviewed Chehoud's evidence and determined that it describes only generalized harassment of Christians in Lebanon dating back to 1976, which means that it determined that conditions have not materially changed in Lebanon since any potentially relevant point in Chehoud's proceeding. Chehoud does not challenge the substance of that determination on review. Even if we construed his brief to do so, our review confirms that his evidence shows merely a few recent and isolated attacks on Christian churches and sporadic harassment of Christians dating back to the 1970s. (A.R. 59-95.) The BIA's assessment is thus supported by substantial evidence.

the BIA's authority to adjudicate motions to reopen is governed by a different regulation. The regulation governing motions to reopen requires the BIA to, inter alia, assess the "new facts" and determine whether the motion is based on "changed circumstances." 8 C.F.R. § 1003.2(c)(1), (c)(3)(ii). That regulation thus necessarily authorizes the BIA to assess the facts presented in a motion to reopen in the first instance. See Filja, 447 F.3d at 251 ("We review the BIA's denial of a motion to reopen for abuse of discretion, and review its underlying factual findings related to the motion for substantial evidence." (emphasis added) (internal citation omitted)).

Finally, Chehoud argues that the BIA was required to remand for a hearing as a matter of due process. Again, we disagree. In general, due process requires notice and a meaningful opportunity to be heard. See Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007). Chehoud argues that he "never had the opportunity for a hearing on the merits" or "an opportunity to prove his eligibility for asylum before the [IJ.]" (Petr.'s Br. at 24.) But Chehoud had precisely that, and he elected instead to withdraw his asylum application and not attend his hearing. Neither the governing regulations nor principles of due process required the BIA to give Chehoud a second chance under the circumstances presented here.

For these reasons, we will deny the petition for review.

6